UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.:

CHRISTIAN MORRO,

    Plaintiff,

v.

ARIELA MAISNER, Individually, and
ROBERT MAISNER, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRITIAN MORRO ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, ARIELA MAISNER, Individually ("AM"), and ROBERT MAISNER, Individually ("RM") (hereinafter referred to as "Defendants"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper as Plaintiff worked for Defendants in Broward County, Florida, and the actions giving rise to these claims arose in Broward County, Florida.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

6. At all times material hereto, MAISNER INTERIORS, INC. was, and continues to be, a business operating in Broward County, Florida, at which Plaintiff worked.

7. At all times material hereto, AM and RM owned and operated MAISNER INTERIORS, INC.

8. At all times material hereto, in addition to owning and operating MAISNER INTERIORS, INC, AM and RM were shareholders, corporate officers, and directors of MAISNER INTERIORS, INC.

9. At all times material hereto, AM and RM regularly held and/or exercised the authority to hire and fire employees of MAISNER INTERIORS, INC, and did, in fact, hire and fire employees.

10. At all times material hereto, AM and RM regularly held and/or exercised the authority to determine the work schedules and working conditions for the employees of MAISNER INTERIORS, INC, and, in fact, did so for Plaintiff and others.

11. At all times material hereto, AM and RM determined the rate and method of payment for the employees of MAISNER INTERIORS, INC, including, but not limited to Plaintiff.

12. At all times material hereto, AM and RM regularly held and/or exercised the authority to control the finances and operations of MAISNER INTERIORS, INC.

13. At all times material hereto, AM and RM were involved in the day-to-day

operations of MAISNER INTERIORS, INC., and supervised employees, including Plaintiff, including, amongst other things, exercising the authority to discipline, reprimand, and/or counsel.

14. At all times material hereto, AM and RM maintained employment records of Plaintiff and others.

15. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of MAISNER INTERIORS, INC; (b) supervising and controlling work schedules and conditions of employment for the employees of MAISNER INTERIORS, INC; (c) controlling the finances and operations of MAISNER INTERIORS, INC; and (d) maintaining employment records, WASSER is an employer as defined by 29 U.S.C. 201 *et. seq.*

16. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

17. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

18. At all times material hereto, Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

19. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendants have been open for business, during the relevant time periods.

21. Additionally, Defendants own and operate an interior restoration and design

company, on a daily and recurring basis, utilized tools, goods, and materials that originated outside the State of Florida, and were shipped to the State of Florida, as part of their primary business functions.

22. As such, Plaintiff and other employees, were engaged in commerce or in the production of goods for commerce, or handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

23. At all times relevant hereto, Defendants had more than two employees.

24. At all times material hereto, Defendants on a daily and recurring basis had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce and that originated outside the State of Florida.

25. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants(s).

## STATEMENT OF FACTS

26. Plaintiff worked as a non-exempt hourly paid laborer for Defendants from May 2000, until August 3, 2018.

27. As of May 3, 2017, Plaintiff was paid $20.00 per hour.

28. Prior to that during the relevant limitations period, Plaintiff was paid $19.00 per hour.

29. Plaintiff regularly worked between forty-five (45) to (50) or more hours per week for Defendants.

30. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

31. Instead, Defendants paid Plaintiff straight time for most overtime hours worked, but also deleted, and/or failed to pay Plaintiff for some overtime hours.

32. Plaintiff punched in and out, and his actual hours worked should be reflected on his time cards in Defendants' possession.

33. Defendants violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **ALL** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain and/or discarded proper time records as mandated by the FLSA, and in violation of the FLSA.

34. Plaintiff cannot specify his exact damages owed until Defendants provides all of his pay and time records.

35. Prior to the filing of this lawsuit, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

36. Prior to the filing of this lawsuit, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from

recovering payment for all overtime worked under the FLSA.

38. Defendants was sued by former employees for the exact same violation in 2016 and 2018, demonstrating that its actions in this case were willful.

39. Based on the allegations in Paragraphs 27-30, above, Plaintiff is entitled to liquidated damages as Defendants has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA, as well as an extended three (3) year statute of limitations.

40. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

41. Plaintiff re-alleges and reavers paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

42. During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

43. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

44. Defendants failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

45. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants(s):

    a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief, the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 14th day of June, 2019.

/s/ **_Noah E. Storch_**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771

*Attorneys for Plaintiff*